UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                              5:21-CV-0723
v.                                                            (GTS/ML)

$12,257 in U.S. CURRENCY,

                          Defendant.

_____

APPEARANCES:                                      OF COUNSEL:

HON. CARLA B. FREEDMAN                             ADAM J. KATZ, ESQ.
United States Attorney for the N.D.N.Y             Assistant U.S. Attorney
  Counsel for Plaintiff                            EMER M. STACK, ESQ.
100 S. Clinton Street                              Assistant U.S. Attorney
P.O. Box 7198
Syracuse, NY 13261

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *in rem* civil forfeiture action filed by the United States

("Plaintiff") against $12,257 in U.S. Currency ("Defendant"), is Plaintiff's motion for default

judgment and for an entry of a Final Order of Forfeiture.  (Dkt. No. 13, Attach. 1 [Pl.'s Mot.].)

For the reasons stated below, Plaintiff's motion is granted.

I.      RELEVANT BACKGROUND

        A.      Summary of Plaintiff's Verified Complaint

        On August 19, 2020, Defendant was seized at the residence of Jeremy Chambers

("Chambers") in Syracuse, New York.  (Dkt. No. 1, at 5 [Pl.'s Compl.].)  On June 21, 2021,

Plaintiff brought this action to forfeit and condemn Defendant to the use and benefit of the

United States pursuant to 21 U.S.C. § 881(a)(6) and Rule G of the Supplemental Rules for

Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Rule G" or

"Supplemental Rules").  In support of its Verified Complaint, Plaintiff alleges that Defendant

constituted the proceeds of illegal drug sales.  (*Id.* at 1.)

Familiarity with the remaining factual allegations supporting Plaintiff's Verified

Complaint is assumed in this Decision and Order, which is intended primarily for the review of

the parties.

### B.      Summary of Parties' Briefing of Plaintiff's Motion

Generally, in support of its motion, Plaintiff argues that (1) it has taken reasonable steps

to attempt to provide actual notice to all potential claimants, (2) no verified claims have been

filed in this action (and the time for any and all potential claims in this action has expired), and

(3) on November 18, 2021, the Clerk of Court entered a default judgment with respect to

Defendant.  (Dkt. No. 13, Attach. 1 [Stack Aff.].)

No claimant has filed a response to Plaintiff's motion by the deadline of December 10,

2021, nor has any claimant filed a response as of the date of this Decision and Order.[1]  (*See

generally* Docket Sheet.)

## II.     RELEVANT LEGAL STANDARDS

### A.      Summary of Civil Forfeiture Standard

"In rem forfeiture actions are governed by Rule G of the Forfeiture Rules and the Civil

Asset Forfeiture Reform Act of 2000 ('CAFRA')."  *United States v. Vazquez-Alvarez*, 760 F.3d

---

[1]      In March 2021, Caprice Hibbler ("Hibbler") filed an administrative claim to Defendant
with the U.S. Drug Enforcement Agency ("DEA").  (Dkt. No. 1, at 5 [Pl.'s Compl.].)  Although
Defendant was seized from Chambers' wallet and pants pocket, Hibbler swore, under penalty of
perjury, that Defendant was "my money," and that she "had just received most of the money
from insurance from a big pay out from my home being burglarized."  (*Id.* at 5.)

193, 197 (2d Cir. 2014); *United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).  "Any 'person who asserts an interest' in the res that is the subject of a forfeiture action may 'contest the forfeiture by filing a claim in the court where the action is pending.'"  *Vazquez-Alvarez*, 760 F.3d at 193 (quoting Forfeiture Rule G[5][a][i]).  Standing is a prerequisite to challenge a forfeiture.  *Id.* at 197.  "Filing the claim under rule G(5) confers statutory standing under 18 U.S.C. § 983(a)(4)(A) . . . ."  *Conolly*, 694 F. App'x at 13.  A claimant must file a claim within thirty days from the service of the Government's complaint, or thirty days after the final publication of notice.  18 U.S.C. § 983(a)(4)(A).  "A person seeking to challenge [a] forfeiture therefore lacks statutory standing if he or she has not filed a claim pursuant to Rule G(5)."  *Conolly*, 694 F. App'x at 13 (citing *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 [2d Cir. 1999]).

### B.  Summary of Default Judgment Standard

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant."  *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'"  *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court."  *Id*.  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment."  *Id*. (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . . , the court may

direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ."  *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true."  *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'"  *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule."  *Alcantara*, 183 F.3d at 155.  Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ."  *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III.    ANALYSIS

After carefully considering the matter, the Court finds that Plaintiff is entitled to default judgment and a Final Order of Forfeiture for the reasons stated in the affidavit of Plaintiff's counsel.  (Dkt. No. 13, Attach. 1, at 2-3.)  To those reasons, the Court adds the following analysis, which is intended to supplement, not supplant, the reasoning of Plaintiff's counsel.

"In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." *Cambio Exacto*, 166 F.3d 522, 526 (2d Cir. 1999). "To establish statutory standing, a claimant asserting rights in property that has been seized and that is the subject of a forfeiture action *in rem* must file a verified claim within ten days after process has been executed, unless the court grants an extension." *Id.* (citing Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C([6]). To establish Article III (or "constitutional") standing, a claimant must demonstrate (1) an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that can likely be redressed by a favorable decision. *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015). "The [claimant] . . . bears the burden 'clearly to allege facts [in his complaint] demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" *Steinberger v. Lefkowitz*, 634 F. App'x 10, 11 (2d Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 [1975]); *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 644 (2d Cir. 1989). The plaintiff must also show that she has "prudential standing," which includes a "general prohibition on a litigant's raising another person's legal rights." *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015). "Prudential standing" requires that, the plaintiff has been injured "in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). "'The party invoking federal jurisdiction bears the burden of establishing' prudential and constitutional standing." *Keepers, Inc.*, 807 F.3d at 39.

Under 18 U.S.C. § 983(a)(3) and (4), it is well settled that, once the administrative claim is filed for seized property, the government must then file a complaint in the United States

District Court for the forfeiture of that property, and the claimant must file his or her claim in that same court proceeding.  Although Hibbler filed an administrative claim with the DEA in March 2021, the Court finds that Hibbler failed to abide by the procedures outlined in 18 U.S.C. § 983 which outlines the process for litigating a claim after an administrative claim has been filed for seized property subject to forfeiture, such as Hibbler's claim with the DEA in this case. *United States v. $8,040.00 U.S. Currency*, 21-CV-6323, 2022 WL 325175, at *6 (W.D.N.Y. Feb. 3, 2022).  In fact, "the filing of an administrative claim with [a government agency] does not satisfy the verified claim obligation pursuant to the Supplemental Rules.  *United States v. $1,437.00 U.S. Currency*, 242 F. Supp.2d 193, 196 (W.D.N.Y. 2002).

As a result, Hibbler has not established statutory standing in this action.  Because standing is a prerequisite to challenge a forfeiture action, *Vazquez-Alvarez*, 760 F.3d at 193, and no person has asserted a claim within thirty days of service or thirty days after the publication of notice (Dkt. No. 13, Attach. 1 at ₱ 6), the Court finds that any potential claimants lack statutory standing to claim a right to Defendant.  *Conolly*, 694 F. App'x at 13 (citing *Cambio Exacto*, 166 F.3d at 526).

For all of these reasons, the Court concludes that Plaintiff is entitled to default judgment and a Final Order of Forfeiture.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 13) is **GRANTED**, and Plaintiff's proposed Final Order of Forfeiture (Dkt. No. 13, Attach. 2) shall be issued.

Date:   July 6, 2022
        Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge

6